IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARL JOSEPH SCHMIEDING,** | ) | |
| Petitioner, | ) | **Civil Action No. 11-103 Erie** |
| | ) | |
| v. | ) | **District Judge** |
| | ) | |
| **COMMONWEALTH OF** | ) | |
| **PENNSYLVANIA, et al** | ) | **Magistrate Judge Baxter** |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is recommended that this matter be construed as a petition for writ of habeas corpus and that it be transferred to the United States District Court for the Middle District of Pennsylvania forthwith.

**II.    REPORT**

On May 5, 2011, Petitioner filed the instant petition for writ of habeas corpus. ECF No. 7. In this filing, Petitioner attacks the constitutionality and legality of his conviction for various criminal offenses in the Court of Common Pleas of Huntingdon County, Pennsylvania. Petitioner seeks the reversal of his sentence.

Title 28 U.S.C. §2241 provides that where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts,

1

> the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. §2241. See also Bell v. Watkins, 692 F.2d 999 (5th Cir. 1982) (the district court transferred the action on the basis of the magistrate's recommendation which indicated that the district where the defendant was convicted was the more convenient forum because of the accessibility of evidence); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).

In the case at bar, Petitioner was tried and convicted in Huntingdon County, Pennsylvania. Petitioner's records are located there. He is presently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, within the Western District of Pennsylvania. Huntingdon County, the county of the conviction, is located in the Middle District of Pennsylvania. This Court finds that the interests of justice would be better served by transferring this petition to the Middle District of Pennsylvania wherein all activity in this case occurred.

## III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this matter be construed as a petition for writ of habeas corpus and that it be transferred to the United States District Court for the Middle District of Pennsylvania forthwith.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  October 18, 2011